IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARIO EMMANUEL JAMES,

                Petitioner,

v.                                                        OPINION and ORDER

LIZZIE TEGELS, Warden, New Lisbon Correctional      20-cv-1085-wmc[2]
Institution,[1]

                Respondent.

Pro se petitioner Mario Emmanuel James seeks relief under 28 U.S.C. § 2254 following his convictions in the Milwaukee County Circuit Court for armed robbery and burglary. The magistrate judge entered a report and recommendation (R&R) recommending that James's petition be summarily denied on the merits under Rule 4 of the Rules Governing § 2254 Cases. James timely filed objections to the R&R. As discussed below, I will adopt the R&R and deny the petition.

Because James has objected to the R&R, I review the matter de novo. *See Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986). I may "accept, reject, or modify, in whole or in part" the magistrate judge's "findings or recommendations." *See* 28 U.S.C. § 636(b)(1); *Bowen*, 782 F.2d at 82.

Rule 4 requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that James is not entitled to relief. *See also* 28 U.S.C. § 2243

---

[1] I have changed the caption to reflect that Lizzie Tegels is James's current custodian.

[2] I am exercising jurisdiction over this case solely to review the magistrate judge's report and recommendation.

(habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). I may take judicial notice of records in James's underlying state court proceedings when reviewing the petition under Rule 4. *Cf. Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983); *Sample v. Marske*, No. 21-CV-445-WMC, 2021 WL 5356447, at *1 (W.D. Wis. Nov. 17, 2021).

I draw the following procedural background from the decision of the Wisconsin Court of Appeals affirming the circuit court's denial of James's first postconviction motion. *State v. James*, 2017 WI App 71.

The state charged James, Lamont Sholar, and Anthony Santiago with armed robbery and burglary. *See id.* ¶ 6. Santiago agreed to testify against James and Sholar. *Id.* The jury convicted James of both offenses. *Id.* ¶ 8. The circuit court imposed a 25-year sentence for the armed robbery conviction and a concurrent 15-year sentence for the burglary conviction.

As relevant here, James filed a second postconviction motion under Wis. Stat. § 974.06. *See* Dkt. 1-7, at 1. The circuit court denied the motion on the merits. *See id.* at 8. James appealed and the court of appeals affirmed. Dkt. 1-8.

In ground one of his federal petition, James contends that the state failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Dkt. 1, at 5. James alleges that the state obtained a cell phone that he used on October 27, 2010 (the date of the crimes). Dkt. 1-2, at 1. James also alleges that that his cell phone contained "data" that could be used to "compose geographical charts indicating the individual's phone['s] relevant location at the time of the crime." *Id.* James contends that the trial court denied his request for this data because the state represented that it did not investigate James's cell phone—only those of his codefendants—and did not have "charts of James's whereabouts [on October 27] as

2

[the state had] for the other defendants' phones." *Id.*; *see also* Dkt. 1-7, at 3. James suggests such data would have shown that he was not at the scene of the crime on October 27. *See* Dkt. 1-2, at 1–2. He reasons that this evidence would have shown that he "had exchanged several calls with Sholar at the specified times James [was] supposed to be [at the crime scene] between the hours of noon and one o'clock." *Id.* at 2.

The state courts rejected this claim on the basis that "the evidence James sought did not exist." Dkt. 1-8, at 5. The state courts credited the state's representation "did not have a chart establishing the whereabouts of James's phone . . . because it never pursued an investigation into the matter." *Id.* (alteration adopted); Dkt. 1-7 at 3.

The magistrate judged concluded that the state courts reasonably rejected this *Brady* claim because "it [was] undisputed that the State never analyzed [James's] cell phone using cell tower data for the purpose of charting his location at the time of the offenses." Dkt. 6, at 8. The magistrate judged added that "the State had no obligation to generate evidence on [James's] behalf, [or] to turn over evidence it [did] not have." *Id.*

In his objections, James does not dispute that the state did not analyze the cell phone tower data. Dkt. 8, at 3. However, James appears to contend that the data would have shown that he was not at the scene of the crime had the state analyzed it. *See id.* James adds that he sought the cell phone tower data "itself" so that he could analyze it himself. *Id.* at 4.

I overrule James's objection. James does not dispute that the state did not have charts or other information that showed that he was located away from the scene of the crime. James's contention that such information would have so shown is speculative. Nothing in the record supports such a finding. James's assertion that he exchanged several calls with Sholar around the time of the crime does not support this finding. *See* Dkt. 1-2 at 2; Dkt. 1-6. As the

3

magistrate judge reasoned in rejecting James's related ineffectiveness-of-counsel claim, James's placement of "a few calls to Sholar around the time of the crime . . . [arguably] tends to inculpate him." Dkt. 6 at 9. James's contention that he sought only the cell phone tower data and not information analyzing the data does not help him; it takes for granted that the data would have led to exculpatory evidence. Such speculation does not prove a *Brady* violation. *Wood v. Bartholomew*, 516 U.S. 1, 6–7 (1995) (per curiam); *United States v. Nolan*, 910 F.2d 1553, 1558 (7th Cir. 1990). In short, the state courts' rejection of this claim was not contrary to, or an unreasonable application of, clearly established federal law or an unreasonable determination of the facts.

James's objection to the magistrate judge's disposition of his other claims is conclusory. He asserts, without explanation, that the relevant state court decisions were unreasonable. Dkt. 8, at 4. Applying de novo review, I overrule this objection.

Regarding ground two of the federal petition, the court of appeals reasonably concluded that trial counsel did not ineffectively fail to "investigate exculpatory evidence [allegedly] in the [state's] possession." *See* Dkt. 1, at 7. As the court of appeals correctly determined, nothing in the record suggested that the state had exculpatory evidence. *See* Dkt. 1-8, at 7; *see also Ward v. United States*, 858 F.3d 1072, 1077 (7th Cir. 2017) (failure to raise an unsuccessful defense not prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984)). Also, counsel reasonably could have concluded that evidence that James had placed several calls to his codefendant around the time of the crimes would have incriminated him.

In ground three of his federal petition, James contends that the state used perjured testimony to secure his conviction. Dkt. 1, at 8. However, as the magistrate judge concluded, the state courts reasonably determined that Santiago did not "lie[] about his plea arrangement

4

with the State." Dkt. 6, at 12; *see also* Dkt. 1-8 at 8–9; Dkt. 1-7 at 6–8. And, although there was evidence that Santiago lied about his military service, James has not disputed the state courts' finding that Santiago's credibility had already been effectively impeached. Dkt. 1-8, at 9; Dkt. 1-7, at 5–6; *see also Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001) (for perjured testimony to violate due process, the defendant must show "a reasonable likelihood that the false testimony could have affected the judgment of the jury"); *United States v. Loscalzo*, 18 F.3d 374, 389 (7th Cir. 1994) ("[B]ecause the allegedly perjured testimony was of a cumulative nature it is not likely that the jury's verdict would have been different.").

In ground four of his federal petition, James alleges that postconviction counsel ineffectively failed to raise grounds one through three of his federal petition in his original postconviction motion. But, because these grounds are meritless, James cannot show deficiency or prejudice on this claim. *See Warren v. Baenen*, 712 F.3d 1090, 1105–06 (7th Cir. 2013).

James's last objection is not fully clear. Dkt. 8, at 2. James appears to object to the magistrate judge's recommendation to dismiss the petition under Rule 4 without holding an evidentiary hearing. But, as explained, a court may dismiss a petition summarily under Rule 4. And no evidentiary hearing is warranted because, as my analysis shows, "the record . . . precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). I have resolved the issues raised in the petition and James's objections "by reference to the state court record." *Id.*

Because James seeks relief under § 2254, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if James makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I denied James's claims on the merits, to obtain a certificate of appealability, he "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Because James cannot so show, I deny a certificate of appealability. James may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## ORDER

IT IS ORDERED that:

1. The magistrate judge's report and recommendation, Dkt. 6, is ADOPTED.
2. Petitioner's objections, Dkt. 8, are OVERRULED.
3. Petitioner's petition, Dkt. 1, is DENIED.
4. The clerk of court is directed to CLOSE this case and send a copy of this order to petitioner.

Entered October 6, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge